LIU, J., Concurring.
I join the court’s opinion and write separately to clarify the proper test for state preemption of local law.
As the court says, “[Ljocal legislation that conflicts with state law is void. [Citation.] ‘ “A conflict exists if the local legislation ‘ “duplicates, contradicts, or enters an area fully occupied by general law, either expressly or by legislative implication.” ’ ” [Citations.]’ ” (Maj. opn., ante, at p. 743.)
The court further states: “The ‘contradictory and inimical’ form of preemption does not apply unless the ordinance directly requires what the state statute forbids or prohibits what the state enactment demands. [Citations.] Thus, no inimical conflict will be found where it is reasonably possible to comply with both the state and local laws.” (Maj. opn., ante, at p. 743.)
The first sentence of the above statement should not be misunderstood to improperly limit the scope of the preemption inquiry. As the court’s opinion makes clear elsewhere, state law may preempt local law when local law prohibits not only what a state statute “demands” but also what the statute permits or authorizes. (See maj. opn., ante, at pp. 758, 760-761, discussing Cohen v. Board of Supervisors (1985) 40 Cal.3d 277, 293 [219 Cal.Rptr. 467, 707 P.2d 840] (Cohen); Great Western Shows, Inc. v. County of Los Angeles (2002) 27 Cal.4th 853, 867-868 [118 Cal.Rptr.2d 746, 44 P.3d 120] (Great Western Shows).
In a similar vein, the second sentence of the above statement—“no inimical conflict will be found where it is reasonably possible to comply with both the state and local laws” (maj. opn., ante, at p. 743)—also should not be misunderstood. If state law authorizes or promotes, but does not require or demand, a certain activity, and if local law prohibits the activity, then an entity or individual can comply with both state and local law by not engaging in the activity. But that obviously does not resolve the preemption question. *764 To take an example from federal law, the Federal Arbitration Act (FAA; 9 U.S.C. § 1 et seq.) promotes arbitration, and a state law prohibiting arbitration of employment disputes would be preempted. (See AT&T Mobility LLC v. Concepcion (2011) 563 U.S. _, _ [179 L.Ed.2d 742, 131 S.Ct. 1740, 1747].) Such preemption obtains even though an employer can comply with both the FAA, which does not require employers to enter into arbitration agreements, and the state law simply by choosing not to arbitrate employment disputes.
Accordingly, in federal preemption law, we find a more complete statement of conflict preemption: “ ‘We have found implied conflict pre-emption where it is “impossible for a private party to comply with both state and federal requirements,” [citation], or where state law “stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress.” ’ ” (Sprietsma v. Mercury Maine (2002) 537 U.S. 51, 64-65 [154 L.Ed.2d 466, 123 S.Ct. 518], italics added.) This more complete statement no doubt applies to California law. Local law that prohibits an activity that state law intends to promote is preempted, even though it is possible for a private party to comply with both state and local law by refraining from that activity. (See Great Western Shows, supra, 27 Cal.4th at pp. 867-868; Cohen, supra, 40 Cal.3d at p. 293.)
I do not understand today’s opinion to hold otherwise. In this case, defendants argue that the Medical Marijuana Program (MMP) authorizes and intends to promote what the City of Riverside prohibits: the operation of medical marijuana dispensaries. If such legislative authorization were clear, then the ordinance in question might well be preempted. But I agree with my colleagues that although the MMP provides medical marijuana cooperatives and collectives with a limited exemption from state criminal liability, “state law does not ‘authorize’ activities, to the exclusion of local bans, simply by exempting those activities from otherwise applicable state prohibitions.” (Maj. opn., ante, at p. 758.) As the court’s opinion makes clear, notwithstanding some language in the MMP regarding the promotion of medical marijuana cooperatives and collectives, “the MMP itself adopts but limited means of addressing these ideals. Aside from requiring local cooperation in the voluntary medical marijuana patient identification card program, the MMP’s substantive provisions simply remove specified state-law sanctions from certain marijuana activities, including the cooperative or collective cultivation of medical marijuana by qualified patients and their designated caregivers. [Citation.] The MMP has never expressed or implied any actual limitation on local land use or police power regulation of facilities used for the cultivation and distribution of marijuana.” (Maj. opn., ante, at p. 759.)
*765 Because state law does not clearly authorize or intend to promote the operation of medical marijuana dispensaries, I agree that the City of Riverside’s prohibition on such dispensaries is not preempted.